Copies mailed 2/17/22
Chambers of Judge Davison

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/17/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL DIAZ,

               Petitioner,

- against -

WILLIAM F. KEYSER.,

               Respondent.

20 Civ. 5469 (NSR)(PED)

**ORDER**

PAUL E. DAVISON, U.S.M.J.:

     Before the Court are Petitioner Angel Diaz's motions requesting appointment of counsel, and a hearing before this Court. [Dkts.19, 31, 32.] For the reasons set forth below, Petitioner's motions are denied.

     Petitioner seeks a writ of *habeas corpus*, challenging his confinement in light of the ongoing COVID pandemic. [Dkt. 1.] There is no constitutional right to representation by counsel in *habeas corpus* proceedings, as there is in most criminal proceedings. *See Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). Rather, applications for counsel in *habeas corpus* proceedings are addressed with the court's discretion, but such applications should not be granted indiscriminately. *See Cooper v. Sargenti*, 877 F.2d 170, 172 (2d Cir. 1989)).

     In considering whether to appoint counsel for *habeas* petitioners, courts follow the standards set forth by the Second Circuit for the appointment of counsel to indigent civil litigants pursuant to 28 U.S.C. § 1915. *Id.* Accordingly, the district court is directed to screen such applications first by evaluating whether the petition "seems likely to be of substance." *Id.* If the court concludes that the applicant's claims meet this threshold requirement, then the court is to consider secondary criteria such as Petitioner's ability to present the case (either by obtaining representation independently or with his own abilities), Petitioner's ability to handle the case

without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly-conducted cross-examination to test veracity, and "any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *See id.* In particular, in the context of *habeas corpus* proceedings, courts look to whether an evidentiary hearing should be held in connection with the petition; where no hearing is to be held, the appointment of counsel is generally not warranted. *U.S. ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974).

The Court has today filed a Report and Recommendation recommending that Petitioner's Petition be denied. In the event that the Report and Recommendation is adopted, no hearing is necessary. Accordingly, the motions are denied as moot. The Clerk is respectfully directed to terminate the motions (Dkts.19, 31, 32.).

Dated: February 17, 2022
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge