UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___06/27/2022___
```

ANGEL DIAZ,

                            Petitioner,

    -against-

WILLIAM F. KEYSER,

                            Respondent.

No. 20 Civ. 5469 (NSR)
OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge:

Petitioner Angel Diaz ("Petitioner"), proceeding *pro se*, commenced this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking immediate release from state custody in light of the COVID-19 pandemic. He claims that his continued incarceration violates his rights to due process and endangers his health, life, and liberty in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. ("Petition," ECF No. 2.) Respondent William F. Keyser ("Respondent"), Superintendent of the Sullivan Correctional Facility in Sullivan County, New York (hereinafter "Sullivan CF"), opposes the Petition, contending that Petitioner's claim is not cognizable on habeas review, and that even if cognizable, it still fails on the merits. ("Response in Opposition to Petition," ECF No. 28.)

Presently before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison ("MJ Davison"), dated February 17, 2022, recommending that Petitioner's habeas corpus petition under § 2254 be dismissed. (R&R, ECF No. 34.) Petitioner filed objections to MJ Davison's R&R. ("Objections to the R&R," ECF Nos. 35 & 36.) For the following reasons, the Court ADOPTS the R&R and DISMISSES the Petition.

**BACKGROUND**

**I.    Factual Background**

Petitioner was convicted after a jury trial in New York Supreme Court, Bronx County, on August 15, 1990, of two counts of second-degree murder, two counts of first-degree robbery, and lesser related counts. (R&R at 2.) He was sentenced to an aggregate prison term of 38 years to life, which he is currently serving as an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Sullivan CF. (*Id.*)

Petitioner alleges that Sullivan CF reported having 16 inmates infected with COVID-19 on May 20, 2020, and 23 on June 16, 2020. (Pet. at 1.) Petitioner alleges that being incarcerated at Sullivan CF places him at a significant risk of danger due to his compromised immune system and medical conditions of high blood pressure and morbid obesity. (*Id.* at 2.) He asserts that the conditions of incarceration at Sullivan CF, the prohibition on wearing personal protective equipment, the closeness of inmate cells, and the fact that there is no way to enforce adequate social distancing, all make it impossible to control the spread of the virus. (*Id.* at 3.) He also asserts that "DOCCS has no plan to protect medically vulnerable inmates, who are at a heightened risk if they become infected" and that "DOCCS' cleaning and disinfecting protocols are inadequate and fall short of all the CDC guidelines and recommendations, and not enough cleaning supplies are made available." (*Id.* at 5.) Petitioner alleges that his continued detention at the facility puts him at a "very high risk" of contracting the virus, suffering severe complications, and perhaps even dying from it. (*Id.*)

**II.   Procedural Background**

**A.  Petitioner Files the Instant Petition**

On July 14, 2020, Petitioner filed the instant Petition under 28 U.S.C. § 2254. (ECF No.

2.) Liberally construing his Petition, Petitioner seeks immediate release from prison, contending that his continued incarceration during the COVID-19 pandemic constitutes cruel and unusual punishment under the Eighth Amendment. Specifically, he alleges that Respondent has demonstrated "deliberate indifference" in his response to COVID-19 due to the ineffectiveness of the conditions of confinement at Sullivan CF. (*Id.* at 1–15.)

On October 23, 2020, Respondent filed his first motion to dismiss. ("Motion to Dismiss," ECF No. 9.) Therein, Respondent argued that the Petition should be dismissed because Petitioner's claim is not cognizable in habeas, and because he also failed to exhaust his state proceedings. (ECF No. 10 at 6–19.) On October 30, 2020, Petitioner requested the court to stay his Petition for 90 days so that he could exhaust his claim before the state court. (ECF No. 11.) On November 18, 2020, the Court granted Petitioner's request to stay the action and denied Respondent's motion to dismiss without prejudice. (ECF No. 13.) On March 15, 2021, the Court referred the instant action to MJ Davison. (ECF No. 14.)

On September 16, 2021, after the New York Court of Appeals denied Petitioner's motion for leave to appeal, Petitioner filed a request to reopen the instant action, which the Court granted. (ECF Nos. 16 & 17.) On September 21, 2021, MJ Davison ordered Respondent to respond to the Petition within thirty days. (ECF No. 18.) Petitioner subsequently filed an application for appointment of counsel under 18 U.S.C. § 3006(A) and for an evidentiary hearing. (ECF Nos. 19, 31, & 32.) On November 22, 2021, Respondent filed his response in opposition to the Petition, arguing that Petitioner's claim was not cognizable in habeas, and that even if the Court were to decide the matter on the merits, Petitioner had not demonstrated entitlement to the relief requested. (Resp. in Opp'n at 12–33.)

**B.  The Magistrate Judge's R&R**

On February 17, 2022, MJ Davison issued an R&R recommending this Court to deny the

Petition. (R&R at 1.) MJ Davison determined that the Petitioner's claim is not cognizable in

habeas and that it must be brought under 42 U.S.C. § 1983. While acknowledging that courts

within this Circuit are divided on the question of whether a § 2254 habeas petition or a § 1983

action is the appropriate vehicle for inmates to raise a claim regarding their conditions of

confinement in light of COVID-19, MJ Davison, relying on *Acevedo v. Capra*, 545 F. Supp. 3d

107 (S.D.N.Y. 2021), held that "when a prisoner challenges the conditions of his confinement, he

must do so in an action under . . . § 1983." (R&R at 6–7 (citing *Acevedo*, 545 F. Supp. 3d at 118));

*see also Fielding v. LeFevre*, 548 F.2d 1102, 209–10 (2d Cir. 1977) (same). In a separate order, MJ

Davison denied Petitioner's requests for appointment of counsel and for an evidentiary hearing.

(ECF No. 33.)

On February 23, 2022, Petitioner timely filed an objection to the R&R, in which he appears

to object to the R&R solely on the basis that *Acevedo* is currently on appeal before the Second

Circuit. (*See* ECF No. 35.) On May 19, 2022, Petitioner filed a supplemental objection to the R&R,

without prior leave of the court, arguing that *Johnson v. Allison*, No. 2:21-CV-0828 KJN P, 2022

WL 1444409 (E.D. Cal. May 6, 2022) purportedly supports his position that his claim is

cognizable under habeas. (*See* ECF No. 36.)

## STANDARD OF REVIEW

**I.  District Court's Review of a Magistrate Judge's R&R**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if

so designated by a district court. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B). In such a case,

the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed

findings of fact." Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b), after a magistrate judge issues an R&R, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *See also* Fed. R. Civ. P. 72(b)(2), (3).

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

However, when a specific objection is made to the R&R, those objections must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant'' objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008).

Lastly, when a petitioner is *pro se,* the court will read his or her "supporting papers liberally" and "interpret them to raise the strongest arguments that they suggest." *Ortiz v.*

*Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, a *pro se* petitioner's objections must be "specific and clearly aimed at particular findings in the R&R, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.,* No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

## DISCUSSION

By his first objection, Petitioner seems to challenge the R&R's determination solely on the basis that *Acevedo* is currently on appeal before the Second Circuit. (*See* ECF No. 35.) In his second objection, though untimely, Petitioner appears to argue that *Johnson* purportedly supports his position that his claim is cognizable under habeas. (*See* ECF No. 36.) Liberally construing his objections together, the Court undertakes *de novo* review to the extent that Petitioner is specifically objecting to the R&R based on its reliance on *Acevedo* and on *Johnson*'s applicability.

### I.   28 U.S.C. § 2254 and 42 U.S.C. § 1983

As a threshold matter, the Court discusses the differences between the two relevant statutes and their purpose. A state prisoner seeking relief from his imprisonment has "two main avenues" in federal court: a petition for habeas corpus under 28 U.S.C. § 2254 and a complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).

State prisoners can challenge the validity of their confinement or particulars affecting its duration by filing a writ for habeas corpus under § 2254. *Id.* The writ may issue "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1730 (2022) (quoting 28 U.S.C. § 2254). That is because "the purpose of federal habeas corpus is to ensure that state convictions comply with the federal law in existence at the time the conviction became final, and not to provide a mechanism

for the continuing reexamination of final judgments based upon later emerging legal doctrine." *Sawyer v. Smith* 497 U.S. 227, 234 (1990).

For that reason, before a state prisoner may seek federal habeas relief, he must first either exhaust his remedies available in state court or establish an adequate excuse for his procedurally defaulted claims—that is, those claims that were not presented to the state court consistent with its own procedural rules. *See Shinn*, 142 S. Ct. at 1732. "Together, exhaustion and procedural default promote federal-state comity . . . [by affording] States an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights, . . . and protect [] against the significant harm to the States that results from the failure of federal courts to respect [their] procedural rules . . . ." *Id.* (alterations in original).

By contrast, under 42 U.S.C. § 1983, a state prisoner may request relief based on the circumstances of confinement. *See Muhammad*, 540 U.S. at 750. Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See* 42 U.S.C. § 1983; *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). "The 'central objective of [§ 1983] . . . is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief." *Dufort v. City of New York*, 874 F.3d 338, 355 (2d Cir. 2017) (quoting *Felder v. Casey*, 487 U.S. 131, 139 (1988) (alterations in original). However, the United States Supreme Court has expressly held that "[r]elease from custody is not an available remedy under [§ 1983]." *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973); *see also Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").

Here, MJ Davison liberally construed the Petition to contend that Respondent "failed to implement procedures that would ensure the safety of the prisoners at Sullivan [CF] in light of COVID." (R&R at 5.) After reviewing the Petition, the Court agrees with MJ Davison. While Petitioner seeks to be released from incarceration as relief, the entirety of the Petition focuses on the alleged unsafe conditions of confinement due to impact of COVID-19 at Sullivan CF. Nowhere does the Petition contain any allegations challenging the validity of Petitioner's state conviction. (*See generally* Pet., ECF No. 2.)

Therefore, as Petitioner is evidently not challenging the validity of his state conviction— that is, alleging that his state conviction was obtained as a result of failing to comply with or inconsistent with federal law—and is instead requesting relief based on the circumstances of his detention, then Petitioner's claim is not cognizable in habeas and must be brought instead under § 1983. Accordingly, the Court agrees with MJ Davison's conclusion in his R&R relying on *Acevedo* that "when a prisoner challenges the conditions of his confinement, he must do so in an action under . . . § 1983." (R&R at 6–7 (citing *Acevedo*, 545 F. Supp. 3d at 118).)

Further, Petitioner's reliance on *Johnson* to support his contention that his claim is cognizable in habeas is misplaced. In *Johnson*, a state prisoner who was at a medically high risk of death if he contracted COVID-19, filed an action under § 1983 alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment for failing to protect him from the virus. *See Johnson*, 2022 WL 1444409, at *1. As relief, the state prisoner sought declaratory relief, punitive damages, and early release from prison. *Id.* at *1, *6. In relevant part, the court held that the state prisoner could not obtain release from prison through his § 1983 action and that he could only obtain release through habeas. *Id.* at *6. Nowhere in its opinion did the court hold, much less suggest, that a state prisoner could state a cognizable habeas claim for an

Eighth Amendment violation based on the impact of COVID-19 on his circumstances of confinement—such as Petitioner attempts here.

As previously discussed, a claim is cognizable in habeas when it seeks to challenge the validity of a state prisoner's confinement or duration of confinement "[that] is in violation of the Constitution or laws or treaties of the United States." *Shinn*, 142 S. Ct. at 1730 (quoting 28 U.S.C. § 2254). But here, Petitioner's allegations focus on complaints about the circumstances and conditions of his confinement by alleging that Respondent "failed to implement procedures that would ensure the safety of the prisoners at Sullivan [CF] in light of COVID." (R&R at 5.) And to the extent Petitioner seeks judicial relief other than release from custody based on these allegations, he may properly do so through a civil action under § 1983. *See Preiser*, 411 U.S. at 479.

Indeed, if the Court were to hypothetically rule in favor of Petitioner and assume his claim to be meritorious, the validity of *any* state court conviction or sentence—regardless of duration and severity—could potentially be overturned by a collateral attack in federal courts based solely on the impact of COVID-19 on an inmate's conditions of confinement. Such an outcome would not only run afoul of decades of well-established United States Supreme Court precedent but would also utterly disregard federal-state comity.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS MJ Davison's R&R in its entirety, OVERRULES Petitioner's objections, and DISMISSES the Petition. The Clerk of Court is respectfully directed to enter judgment, and accordingly, to terminate the Petition (ECF No. 2), to mail a copy of this opinion to Petitioner at his last known address, and to show proof of service on the docket.

Further, as Petitioner has not made a substantial showing of the denial of a constitutional

right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 US 438, 444–45 (1962).

Dated:    June 27, 2022                                          SO ORDERED:
          White Plains, New York

                                          _____
                                          NELSON S. ROMÁN
                                          United States District Judge